[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Saga Solutions, LLC, filed a two count complaint against the defendant, the Sherwin-Williams Company. The first count, based on breach of contract, alleges that the defendant ordered a computer software product, known as Goldmine, from the plaintiff. The parties agreed that the price for the software would be $4,794.81. Although the software was delivered, the defendant refused to pay for it. The second count is based on unjust enrichment for the reasonable value of the software. The defendant's answer admits that the software was delivered by the plaintiff to the defendant and that the defendant refused to pay for it. The answer denies, however, that the defendant ever ordered the software or agreed to pay for it. The defendant also filed two special defenses which raised the statute of frauds and which claimed that both counts of the complaint failed to state a claim upon which relief could be granted.[1] The plaintiff denied the allegations of the special defenses. The matter was heard on January 25, 2002. The court, after considering the testimony and evidence submitted by the parties, makes the following findings of fact.
The plaintiff, Saga Solutions, LLC, is a company engaged in the business of selling and installing commercial software. The defendant, the Sherwin-Williams Company, is engaged in the business of manufacturing and selling paint. In the spring of 2000, Dennis Robb, a sales manager for the defendant, ordered computer software, known as Goldmine, from the CT Page 5835 plaintiff. Dennis Robb was interested in obtaining a computer product which would facilitate the performance of his job with the defendant. The software was delivered from the plaintiff to the defendant some time in June, 2000. The price for the software was $4,794.91. Thereafter, Stephen Jacobowitz, the president of Saga Solutions, tried to contact Dennis Robb to inquire about training in the use of the product and about payment. In early September, 2000 Dennis Robb left the employ of Sherwin-Williams. Shortly thereafter, Joanne Dixon, an employee of Sherwin-Williams, learned of the software purchase. She was told by Frank Bednarz, the district manager for the defendant, to determine where the software came from and to return it. Joanne Dixon found a file in Dennis Robb's office containing paperwork in connection with the software purchase and containing the phone number for Saga Solutions. Joanne Dixon attempted to call Stephen Jacobowitz at Saga Solutions to determine if there was a written contract between Dennis Robb and Saga Solutions and to try to return the software. Additional telephone calls were made from Sherwin-Williams to Saga Solutions to determine whether a written contract existed and to effectuate a return of the product. Telephone calls were also made from Saga Solutions to Sherwin-Williams to obtain payment for the software. The first week in January, 2001 Sherwin-Williams returned the software by federal express courier to the Saga Solutions. Saga Solutions did not accept the return and the product was again returned to the defendant.
There was no written contract for the purchase of the software. The defendant never used the software. At the time of its attempted return, the software was unopened and in its plastic wrapped container.
This matter is governed by Connecticut's adoption of the provisions of the Uniform Commercial Code, (UCC) General Statutes § 42a-1-101 et seq. The UCC contains a statute of frauds provision. Pursuant to the section, a contract for the sale of goods for the price of five hundred dollars or more is not enforceable unless the contract is in writing and signed by the party against whom enforcement is sought or by his authorized agent.[2] It is not in dispute that the price of the software exceeded five hundred dollars and that there was no written contract evidencing the purchase. The statute, however, contains exceptions to the requirement of a written contract.
General Statutes § 42a-2-201 (3) (b) provides that a contract for the sale of goods costing in excess of five hundred dollars would still be valid and enforceable, even if not in writing, "if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made." The court finds that the defendant has admitted, through the testimony of Frank Bednarz and statements by counsel for the defendant in court, that a contract for the CT Page 5836 purchase of Goldmine software was made between Dennis Robb, acting on behalf of Sherwin-Williams, and the plaintiff.[3] As it has been admitted that a contract for the purchase of the software was made between Dennis Robb, whose authority to act on behalf of Sherwin-Williams was conceded by the defendant, and Saga Solutions, the contract is enforceable against the defendant.
Much of the focus of this case has centered around whether another exception to the statutes of frauds is applicable, i.e., whether the software was received and accepted by Sherwin-Williams. See General Statutes § 42a-2-201 (3) (c). Under that exception, the court would need to determine whether the defendant accepted the software because of its failure to make an effective rejection of it.[4] Pursuant to General Statutes § 42a-2-602 (1) "[r]ejection of goods must be within a reasonable time after delivery or tender. It is ineffective unless the buyer seasonably notifies the seller." The court would thus need to determine whether the defendant rejected the software within a reasonable time and whether the defendant seasonably notified the plaintiff of its rejection.[5]
In that the court finds that the defendant has admitted, through the testimony of Frank Bednarz and statements by counsel for the defendant in court, that a contract for the purchase of Goldmine software was made, the court need not address whether the defendant accepted the software by not rejecting it within a reasonable time. Once the existence of a contract is established, the duty "of the buyer is to accept and pay in accordance with the contract." General Statutes § 42a-2-301. Sherwin-Williams could only reject the software if it " . . . fail[ed] in any respect to conform to the contract . . ." General Statutes §42a-2-601; Franklin Quilting Co., Inc. v. Benjamin Orfaly,1 Conn. App. 249, 251, 470 A.2d 1228 (1984).[6] Rejection of conforming goods is a wrongful rejection. Bead Chain v. Saxton Products, Inc.,183 Conn. 266, 273-74 n. 2, 439 A.2d 314 (1981). In that no claim has been raised by the defendant that the software was nonconforming, defective or damaged, the defendant is obligated to pay for the software which its former employee ordered.[7]
Judgment will enter for the plaintiff on the first count of the complaint in the amount of $4,794.91, plus costs.[8] As judgment is entered for the plaintiff on the first count, no decision is made as to the second count.
The Court
By Cutsumpas, J. CT Page 5837